

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00502-CV

———————————————

SHUNDA MYERS, Appellant

V.

SHANE HOWELL HOWELL, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-007420-1

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Shunda Myers filed her appeal with this court following the trial court's default judgment against her in a forcible detainer suit.

Thereafter, Appellee Shane Howell filed a motion to dismiss the appeal on the basis that he and Myers had entered into a Rule 11 Agreement (Agreement) that resolved the controversy. *See* Tex. R. Civ. P. 11. The Agreement reads in pertinent part:

> Plaintiff and Defendants hereby agree to the following:
>
> 1) Defendant agrees to vacate the premises, remove all personal belongings, and deliver the keys to the apartment or property office by no later than December 12, 2024 by noon.
>
> 2) If Defendant(s) fully complies with paragraph 1 above, then Plaintiff shall nonsuit the above eviction case and provide a neutral reference to any 3rd parties inquiring about defendant's tenancy.
>
> 3) If the Defendant fails to fully comply with paragraph 1 above, then Plaintiff shall be entitled to judgment for possession and an immediate writ of possession.
>
> 4) The parties waive their right to appeal.

The Agreement appears to be valid—it is contained within the clerk's record and appears to be signed by the presiding judge and both parties. In further support of its validity, the clerk's record also contains a constable's return on the writ of possession, which reads, "not executed, return to court due to Rule 11 Agreement."

In his motion, Howell claims that he contacted Myers and sent her electronic notice of his filing for dismissal.[1]  Despite being provided more than ten days to respond to the motion, Myers failed to do so.  *See* Tex. R. App. P. 10.3 (requiring appellate court to wait ten days after a motion is filed before determining it).

Having considered Howell's "Motion to Dismiss," we grant the motion and dismiss the appeal.  *See* Tex. R. App. P. 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  February 6, 2025

---

[1]Howell's motion lacked a formal certificate of conference and certificate of service.  *See* Tex. R. App. P. 9.5, 10.1(a).

3